Bonnie Ruth BESHEAR, Appellant,

v.

STATE of Texas, Appellee.

No. 31426.

Court of Criminal Appeals of Texas.

March 9, 1960.

———◆———

M. Gabriel Nahas, Jr., Houston, for appellant.

Dan Walton, Dist. Atty., Samuel H. Robertson, Jr., Asst. Dist. Atty., Houston, and Leon Douglas, State's Atty., Austin, for the State

WOODLEY, Judge.

Our former opinion is withdrawn and the following substituted therefor.

Appellant was, on April 29, 1958, assessed a term of 3 years in the penitentiary upon her plea of guilty to passing a forged instrument. Sentence was pronounced the same day.

Execution of the sentence was suspended or deferred and probation granted, among other conditions being that she commit no offense against the laws of this State or any other state, or the United States.

On July 27, 1959, the trial judge entered his order reforming the judgment and reducing the sentence from 3 years to 2 years, and revoked the probation upon his finding that she had violated its terms.

The appeal is from the revocation of probation.

The evidence heard in support of the State's motion to revoke probation is not before us, there being no statement of facts.

The contention is made that the trial judge was without authority, *upon revocation*, to reduce the penalty, the court's only jurisdiction being to continue or revoke the probation.

Upon this theory the appellant further contends that by reason of the court's order the judgment and sentence have been destroyed and she is entitled to be discharged.

We find no specific authority for the court to reduce the punishment which the probationer has been sentenced to serve when he orders the probation revoked.

We do find that the Adult Probation and Parole Law of 1957 provides, in Section 7, that at any time after the defendant has satisfactorily completed one-third of the original probationary period, the period of probation may be reduced or terminated by the court.

Appellant's three year period of probation began April 29, 1958. More than one year having elapsed, the trial judge was not without authority on July 27, 1959, to reduce the three year period to two years, as provided in Section 7 of Art. 781d, Vernon's Ann.C.C.P., above set out.

That the court the same day, and in the same order, revoked the probation did not affect his right to reduce the punishment nor did it destroy the judgment and sentence as reformed.

The judgment is affirmed.

DAVIDSON, Judge (concurring).

The sole question presented here is the appeal from the order of revocation.

Appellant's appeal is expressly limited to that question.

The validity of the sentence and of the Adult Probation and Parole Law, or Section 7 thereof, is not before the court. I express no view relative thereto.

As thus limited, I concur in this affirmance.