Jesse CAPUCHINO, alias Jessie Capachino, Appellant,

v.

The STATE of Texas, Appellee.

No. 38011.

Court of Criminal Appeals of Texas.

March 24, 1965.

Rehearing Denied May 5, 1965.

———◆———

Clyde W. Woody, Marian S. Rosen, Houston, for appellant.

Thomas D. Blackwell, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of narcotic paraphernalia with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

Austin Police Officers Gann and Conner testified that in response to a call from the owner of a certain motel informing them that appellant, whom they knew, had rented a cabin, they went to the motel in the city, where, with the permission of the owner, they set up a surveillance on cabin number one. They were using cabin number two for such purpose. From cabin two Gann walked along a graveled walkway to a spot near the window of cabin one where he was able to see through the window, as the venetian blinds were not closed and were in a poor state of repair, into cabin one where he observed appellant and his companion, Rudy Gil, both take showers and then leave. The surveillance continued, and appellant and Gil returned to the cabin later that night. The officers continued their vigil at the window, saw appellant walk away from the cabin and then return bringing with him a package and when he opened it in the cabin they saw that it contained a hypodermic needle, an eyedropper and a bottle cap. Appellant reached up to a board across the closet door frame and then removed his shirt and took the needle and eyedropper as a unit into the bathroom. Shortly thereafter he came out of the bathroom and placed the unit on the dresser where Gil picked it up and he in turn entered the bathroom. At this juncture the officers went to the door preparing to open the screen and in doing so made a slight noise, whereupon appellant partially opened the door. Officer Gann announced their identity, forced his way by appellant and pulled Gil out of the bathroom. Conner restrained appellant, who was attempting to crawl away, and attempted to place him in a chair, but appellant broke loose from him, reached the commode and flushed it. After the pair were handcuffed, the needle was recovered from the toilet bowl and the bottle cap from the dresser. The eyedropper was not found. The chemist who tested the two articles found no Heroin in the needle, but did find approximately one-fifth of an average capsule of Heroin in the bottle cap. From the board above the door frame the officers recovered a box of gelatine capsules and a white powder which was later identified to be powdered sugar. Gann, an officer with many years of experience with narcotic drug violators, described the items as those normally used for self-injection by addicts. It was shown that powdered sugar is often used to dilute pure Heroin. After arresting the pair, the officers observed fresh needle marks on their arms and expressed opinions based upon their appearance and demeanor that they were under the influence of narcotics.

The prior convictions were established in the manner approved by this Court in Broussard v. State, Tex.Cr.App., 363 S.W. 2d 143, and cases there cited.

Appellant did not testify or offer any evidence in his own behalf.

█ We shall discuss the contentions advanced by brief and in argument. Appellant moved to quash the indictment on the grounds that Section 2(c) of Article 725b Vernon's Ann.P.C. is unconstitutional as an unreasonable exercise of police power. Reliance is had upon the opinion on rehearing by the Supreme Court of Louisiana in State v. Birdsell, 235 La. 396, 104

So.2d 148. He overlooks the fact that this Court in Manson v. State, 166 Tex.Cr.R. 514, 316 S.W.2d 414, upheld the constitutionality of such section.

Appellant's second contention is that the Court overruled his Motion in Limine by which he sought to impanel a jury, prior to trial, to hear evidence and make specific findings under proper and adequate instructions from the court as to the controverted issue of facts as to the legality of the acquisition of evidence by the State and to impanel a separate jury to hear evidence as to the prior convictions alleged for enhancement. This we construe to be another attack on the constitutionality of Article 63, V.A.P.C., which was decided adversely to him in the recent case of Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804, and the opinion of the Fifth Circuit Court of Appeals in Breen v. Beto, 341 F.2d 96, (January 28, 1965). We overrule his contention that the officers' observations of appellant's appearance and demeanor are tantamount to a confession so as to bring this case within the rule announced in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

His next contention is that the arrest and search were illegal. He contends that not only the evidence which was directly obtained as the result of the search was inadmissible, but also the testimony of the officers as to the needle marks and their observations of the appearance and demeanor of both appellant and Gil. Such physical evidence and the testimony depend upon the legality of the arrest and search, and appellant and this writer are confronted with the relatively recent case decided by the majority of this Court in Giacona v. State, Tex.Cr.App., 372 S.W. 2d 328, the cases there cited, and the subsequent opinion of the Supreme Court of the United States in Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726, which further explained the holding of that Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, upon which the writer relied in his dissent in Giacona, supra.

The writer is, however, able to distinguish this case from his dissent in Giacona, supra, especially since Ker v. State of California, supra. Here Lt. Gann was shown to have served on the Austin Police Force since 1946. Appellant was convicted in the District Court of Travis County in 1953 and in 1958 and was also convicted in the Federal District Court for the Western District of Texas for a narcotic violation. Gann testified in the absence of the jury that he was familiar with appellant's reputation and had checked his record at the police department. When Gann received information from the owner of the motel that appellant had secured a cabin there, he obtained her permission to use an adjoining cabin. This necessarily carried with it permission to use all the public areas of the motel such as the graveled walkway where he stood while observing these two men inside a cabin. The pictures in evidence clearly show that the walkway was a part of the grounds of the motel and not a part of the cabin. The officers were at the motel for one and only one purpose and that was to see if appellant was again violating the law. They were in possession of no evidence which would have authorized them to secure a warrant of arrest or a search warrant prior to the moment they saw appellant unwrap the package and had they waited until Gil administered to himself a shot, they might have lost their opportunity of capturing the contraband. This fact created the emergency which justified their prompt action.

Appellant contends that the court erred in not making available to him for cross examination purposes the offense reports from which the officers had refreshed their memories prior to testifying. Such reports were forwarded with the record by the trial judge and have been examined by this Court. This procedure complies with the rule set forth in our opinion on

rehearing in Sewell v. State, Tex.Cr.App., 367 S.W.2d 349, relating to documents used to refresh the witness' memory before he takes the stand. We find nothing therein which would have been beneficial to counsel as the same comport in every respect with the officers' testimony. We fail to see the materiality of the identification of the officer who took the pictures at the scene shortly after the commission of the offense. They were not admitted in evidence, but other pictures taken later were fully identified and appear in the record. Officer Conner testified that the police photo laboratory reported to him that the original pictures did not "come out" and therefore he did not see them. The officers testified fully as to what changes had been made in the blinds and drapes after the offense and prior to taking the pictures which were admitted.

■ There is no merit in appellant's contention that the paragraph in the indictment charging the first prior conviction is at variance with the proof. The indictment alleges that appellant was convicted on April 17, 1953. In making proof thereof, it was shown that appellant plead guilty to the charge contained in the indictment on September 19, 1952, and he was placed on probation. On April 17, 1953, after a hearing the judge of the same court found that appellant had violated his parole and that the imposition of the sentence should not be further delayed and thereupon sentenced him. This was the proper date to allege.

We find no merit in his contention that the court was powerless to reduce the punishment at the time of the entry of the order of revocation. Beshear v. State, 169 Tex.Cr.R. 131, 332 S.W.2d 724.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.