**Noel Fern SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39406.**

Court of Criminal Appeals of Texas.

March 2, 1966.

No attorney of record on appeal for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order revoking probation.

On June 18, 1965, appellant was convicted, upon a plea of guilty, of breaking and entering a motor vehicle and was assessed punishment at confinement in the penitentiary for three years.

Execution of sentence was ordered deferred by the court and appellant was placed on probation upon certain terms and conditions.

On August 10, 1965, a motion was filed by the state alleging that appellant had violated certain terms and conditions of the probation, and praying that the same be revoked.

On September 24, 1965, an order was entered by the court finding that appellant had violated the terms of his probation and directing that the sentence become operative. In such order the court further found that a reduction of the penalty from three years to two years should be made and ordered that the judgment be reformed and the sentence reduced to two years, to begin July 25, 1965.

From such order appellant gave notice of appeal.

No statement of facts of the evidence adduced upon the hearing accompanies the record, and there are no bills of exception.

The proceedings appear to be regular except the court's order reducing the punishment from three to two years in the penitentiary.

Under the provisions of Sec. 7 of the Adult Probation and Parole Law, Art. 781d, Vernon's Ann.C.C.P., in force at the time of appellant's trial and conviction, the trial court was authorized to reduce or terminate the period of probation at any time after the probationer had satisfactorily completed two years or one-third of the original probationary period, whichever

**558**

was the lesser. See: Beshear v. State, 169 Tex.Cr.R. 131, 332 S.W.2d 724.

This provision of the statute was not applicable in the present case, in which appellant had not completed two years or one-third of the probationary period at the time his punishment was ordered reduced.

The order reducing appellant's punishment from three to two years, not being authorized by statute, was of no force and effect; however, that portion of the order directing that the sentence begin on July 25, 1965, was authorized by statute, Art. 768, Vernon's Ann.C.C.P., and is valid.

The judgment is affirmed.

Opinion approved by the court.