**Virgil Allen DUCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41058.**

Court of Criminal Appeals of Texas.

March 6, 1968.

On Motion to Reinstate Appeal
April 10, 1968.

Tom Upchurch, Jr., Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation.

The record on appeal does not include sentence pronounced by the court, as required by Arts. 40.09(1) and 42.02 Vernon's Ann.C.C.P. 16 Tex.Jur.2d 570, Sec. 372; Clemons v. State, Tex.Cr.App., 414 S.W. 2d 940; Anderson v. State, Tex.Cr.App., 421 S.W.2d 667.

The appeal is dismissed.

## OPINION ON MOTION TO REINSTATE APPEAL

ONION, Judge.

The copy of the sentence pronounced has now been forwarded to this Court, the appeal has been perfected, and the cause shall be considered on its merits.

This is an appeal from an order revoking probation.

The record reflects that on January 31, 1966, the appellant entered a plea of guilty before the court to an indictment charging him with the offense of sodomy. His punishment was assessed at confinement in the Texas Department of Corrections for ten (10) years, but the imposition of the sentence was suspended and the appellant was placed on probation for that period subject to certain conditions and terms.

Among the conditions of probation imposed was:

"(7) Remain within the confines of the State of Texas during the term of his probation except by written permission of the probation officer of this court, if granted, shall be filed with the clerk of this court; * * *"

This condition of probation appears to have been imposed by the court by virtue of the authority granted it by Article 42.12, Sec. 6(g), V.A.C.C.P.

On August 17, 1967, the State filed a motion to revoke probation alleging among other things that the appellant had violated probationary condition No. 7 in that he had left the State of Texas and had gone to the State of Florida without permission.

On August 22, 1967, following a hearing on such State's motion, the court revoked appellant's probation upon the sole ground that appellant had during the term of his probation violated said condition No. 7. In doing so, appellant contends that the trial court abused its discretion.

In addition to the testimony offered by the State to the effect that the appellant had not obtained permission to leave Texas, appellant, testifying in his own behalf, admitted a violation of said condition No. 7. He related that on or about July 15, 1967, he left Amarillo for Florida to seek a reconciliation with his wife who had left him and moved there with their children. He testified that he was aware of condition No. 7, but stated he did not seek permission because he did not think his probation officer would approve his request. He acknowledged that he was arrested for "disorderly conduct" at the home of his

wife's step-father on the night of his arrival in Daytona Beach, Florida.

In light of the record before us, we cannot conclude that the trial court abused its discretion in revoking appellant's probation. See Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466.

The judgment is affirmed.