**Joe Ed CREAMER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41433.**

Court of Criminal Appeals of Texas.

July 17, 1968.

William B. Portis, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Joe Maida, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation. On December 2, 1966, appellant entered a plea of guilty before the court to the offense of forgery of a credit card, a felony, and was assessed punishment of three (3) years confinement in the Texas Department of Corrections. He, however, was granted probation subject to certain terms and conditions which included the requirement that he commit no offense against the laws of this or any other state or the United States; that he avoid persons or places of disreputable or harmful character; that he remain within the limits of Harris County, Texas and not leave without obtaining permission of his probation officer.

On November 1, 1967, a hearing was conducted on the State's amended motion to revoke probation alleging a violation of the above stated probationary conditions.

At such hearing it was stipulated that appellant had been convicted of the offenses of speeding, illegal registration of a motor vehicle and operating a motor vehicle without a driver's license on July 21, 1967; that he had been arrested and charged with the offense of disturbing the peace and using an assumed name while in the company of one Billy Charles Newsom, who at the time was on misdeameanor probation for aggravated assault; that he had, on September, 14, 1967, gone to Denver, Colorado without first obtaining permission from his probation officer. From the record it appears that all of these events occurred while the appellant was on probation.

Appellant offered evidence tending to show that he did not have knowledge of the illegal registration of the motor vehicle in question or of Billy Charles Newsom's probationary status and that he did have a driver's or operator's license which was not in his possession at the time of his arrest.

■ Testifying in his own behalf, appellant related that he had not been tried for any of the offenses for which he had been arrested, which is somewhat at a variance with the stipulation entered. He did admit, however, that he had gone to Colorado and to Florida without permission of his probation officer, but stated he had done so while seeking employment. Regardless of how well motivated he may have been, his actions constituted a violation of his probationary condition that he remain in Harris County unless he first had obtained permission from his probation officer to depart. Only recently in Duck v. State, Tex.Cr.App., 427 S.W.2d 884, it was made clear that the violation of a similar condition was sufficient cause alone to authorize the court to exercise its discretion in revoking appellant's probation.

■ Nevertheless, appellant vigorously contends that the court abused its discretion when it refused to give him credit on the 3-year sentence imposed following revocation for the eleven months he served on probation, some of which time he was confined in jail. Reliance is had upon Ex parte Griffin, 158 Tex.Cr.R. 570, 258 S.W.2d 324. Such reliance is misplaced since Griffin turned on the fact that the Adult Probation Law then in effect did not have application to a misdemeanor conviction. Griffin, who had been convicted of a misdemeanor, served part of the punishment assessed in the county jail and was subsequently released on "probation." There it was held Griffin was entitled to be credited with such time as he was at liberty with approval of the court and the

jailer under the attempted probation. Such case is not here applicable.

While trial judges generally have wide discretion in giving a defendant credit upon his sentence, Article 42.03, Vernon's Ann. C.C.P., attention is directed to the provision contained in the second paragraph of Section 8 of Article 42.12, V.A.C.C.P., which states:

" * * * No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve." [1]

Finding no abuse of discretion, the judgment is affirmed.

Toby Goldsmith, Tim C. Curry, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roland H. Hill, Jr., Grady Hight and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

---

1. It should be observed that we are not concerned with the question presented in Beshear v. State, 169 Tex.Cr.R. 131,

332 S.W.2d 724; Cf. Smith v. State, Tex.Cr.App., 399 S.W.2d 557.