**L. V. TOLLETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43052.**

Court of Criminal Appeals of Texas.

July 22, 1970.

Robinson, & Wilson, by James E. Robinson, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order revoking probation.

In a trial before the court on a plea of guilty to an indictment alleging cattle theft and two prior convictions for a felony less than capital, appellant was found guilty and assessed a term of ten years in the penitentiary.

Imposition of sentence was suspended and probation for a term of ten years was granted, one of the conditions being that the defendant commit no offense against the laws of this state or any other state or the United States.

During the term of said probation the District Attorney filed motion to revoke probation alleging violation of said condition in that:

"* * * the said L. V. Tollett * * * on or about the 15th day of September, 1969, in the County of Callahan and State of Texas, did unlawfully commit an assault with a motor vehicle; to wit, an automobile, under circumstances not amounting to an intent to murder or maim, in and upon Charles Wood, herein styled 'injured party', commit an aggravated assault, and did then and there by means aforesaid, wilfully attempt to run over the said injured party with a motor vehicle, the

same then and there being a deadly weapon calculated and likely to produce death and serious bodily injury from the manner in which it was then and there used, under circumstances not amounting to an intent to murder or maim, commit an aggravated assault in and upon the person of Charles Wood."

On October 24, 1969, the court, after hearing entered an order revoking probation and pronouncing sentence.

Appellant's brief presents the question:

"Did the Court abuse its discretion in finding the evidence sufficient to show that L. V. Tollett, also known as Pinky Tollett * * * violated a term and condition of his probation, to wit; to commit an aggravated assault with a motor vehicle in or upon Charles Wood?"

■ Appellant's able counsel recognizes that in revocation of probation cases the trial judge is authorized to accept or reject any or all of the testimony of any witness. McDonald v. State, Tex.Cr.App., 393 S.W.2d 914; and that a confession of the probationer may be sufficient to revoke probation. Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104.

In determining whether the court abused its discretion by reason of its insufficiency, the evidence must be viewed by this court in the light most favorable to the court's findings and order. Bowers v. State, Tex.Cr.App., 414 S.W.2d 929. So viewed, the evidence is sufficient to support these findings:

Following Wood's threat to whip Constable Glen Curtis, who was having coffee with appellant in a cafe, his apology to the Constable and a "few words" between appellant and his brother-in-law Charles Wood prior to their leaving the cafe together, during which appellant said: "Glen told you the truth—If you want to fight somebody, you get on me, as soon as I get through eating," appellant, accompanied by his brother Billy Joe, their brother-in-law

Charles Wood and James Farmer, drove out a country road. After an argument and a fisticuff between appellant and Wood, who had gotten out of the car, appellant got back in the car and drove it into or over Charles Wood.

Texas Highway Patrolman Don Christopher was conversing with Constable Glen Curtis, in front of the jail, when appellant drove up, about 11:30 P.M., and said: "Glen, he is out there on the highway. I ran over him and tried to kill him, but I don't think I made it."

Constable Curtis had told Christopher about what had taken place at the cafe and it was for this reason only that he realized appellant was referring to Charles Wood.

After appellant and his companions left, Patrolman Christopher went to the hospital where he talked to Charles Wood who was being attended by a doctor. Wood was "holding his stomach and complaining of injuries * * *."

It is evident that the court chose not to believe the testimony of appellant's brother, Billy Joe, which was to the effect that Charles Wood was run over or into by the automobile driven by appellant as the result of accident.

Appellant's statement in the nature of a confession was to the effect that he had committed the offense of assault with intent to murder Charles Wood by running over him with an automobile.

■ Evidence showing commission of such offense is sufficient to sustain a conviction for the lesser included offense of aggravated assault. Carr v. State, 158 Tex.Cr.R. 337, 255 S.W.2d 870, 873; Martinez v. State, 161 Tex.Cr.R. 494, 278 S.W.2d 156; Ludwig v. State, 164 Tex.Cr.R. 295, 298 S.W.2d 166.

■ We find no abuse of discretion on the part of the trial judge in revoking probation.

The judgment is affirmed.