**Eulogio BALLI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43204.**

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 16, 1970.

Torres v. State, Tex.Cr.App., 403 S.W.2d 135; McKnight v. State, Tex.Cr.App., 409 S.W.2d 858; Manning v. State, Tex.Cr. App., 412 S.W.2d 656; Gonzalez v. State, Tex.Cr.App., 456 S.W.2d 53.

On January 16, 1968, appellant was found guilty of murder without malice (Art. 802c, Vernon's Ann.P.C.) and the jury assessed his punishment at five years and recommended probation.

Judgment was entered on the jury's verdict, one of the conditions of probation being that the defendant "commit no offense against the laws of this state or of any other state or of the United States."

The state's motion to revoke probation alleged that during the period of probation appellant violated the conditions of his probation in that he, said probationer, on or about the 9th day of August, 1969, in Cameron County, Texas, did then and there unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public road and highway in Harlingen, Cameron County, Texas.

At the hearing on the motion to revoke, held September 30, 1969, evidence was offered including the testimony of two police officers of the City of Harlingen, both of whom expressed the opinion that appellant was intoxicated when he was arrested while driving an automobile on a public highway in the City of Harlingen, in Cameron County, Texas, in the early morning hours of August 9, 1969. Both officers described the manner in which the automobile was being driven by appellant, his conduct and actions and their experience in observing people who were intoxicated. One of the officers testified: "The man was unbalanced on his feet. He was staggering and his clothes was sloppy and his shirt was half out and had a strong odor of alcohol on his breath and his eyes were dilated."

Following the revocation hearing the court reduced the period of probation from five years to three years, appellant having satisfactorily completed one-third of the

Chavez & Barnard, by Glen A. Barnard, Harlingen, for appellant.

Oscar B. McInnis, Dist. Atty., Arthur L. Gallucci, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from an order revoking adult probation, the sole question being whether there is a clear showing that the trial judge abused his discretion. Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566;

original probation period. The appeal is from the further order of the court revoking probation and pronouncing sentence. (Art. 42.12(8), Vernon's Ann.C.C.P.)

Appellant's contention that the court abused its discretion in revoking probation is bottomed on the fact that the motion to revoke erroneously alleged that the conviction was on a plea of guilty, (2) the fact that appellant was not allowed to have his trial on the complaint filed in Cameron County alleging the offense of driving while intoxicated, and (3) the jury's verdict on punishment contains the statement " * * * we, the Jury, having assessed the punishment of the defendant at not more than ten years * * *," whereas the verdict set out in the judgment reads, in this regard: " * * * we, the jury, having assessed the punishment of the defendant at not more than five years * * *."

The facts referred to, neither separately nor collectively, present a clear showing that the court abused its discretion in revoking appellant's probation in the absence of which its order will not be disturbed.

The judgment is affirmed.

ONION, Judge (concurring).

The appellant does not challenge the sufficiency of the evidence to sustain the finding that he committed a penal offense during his probationary period in violation of one of his conditions of probation. He does contend, however, that the court abused its discretion in revoking his probation. In order that he may understand why his three contentions do not reflect that such discretion was abused, such contentions will be discussed.

First, he claims the State's motion to revoke probation erroneously alleged that his conviction under Article 802c, V.A.P.C., was upon a plea of guilty instead of a plea of not guilty. Surely appellant was not misled by such allegation. Further, he made no objection to such motion or questioned it

in any way at the time of the revocation hearing. He raises the point for the first time on appeal. In Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583, the appellant raised for the first time on appeal a question as to the sufficiency of the motion to revoke, contending that it did not sufficiently allege how, when or where he had violated the law. There the court held the sufficiency of such motion could not be urged for the first time on appeal. Guinn should be here controlling. Cf. Campbell v. State, Tex.Cr.App., 456 S.W. 2d 918.

Appellant also contends that prior to the revocation hearing he should have been allowed, as he requested, to have had his trial in the County Court at Law upon the charge of driving while intoxicated which served as the basis for the revocation. The authorities are contrary to appellant's contention that there must first be a trial and conviction for the offense which is the basis for the revocation. Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165 and cases there cited. See also Hood v. State, Tex. Cr.App., 458 S.W.2d 662 (concurring opinion). In Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589, the defendant was indicted for robbery by assault alleged to have been committed after he had been placed on probation conditioned that he not violate the penal laws of this state. On appeal following revocation the defendant challenged the right of the trial judge to hold the hearing to revoke until after the robbery case alleged as the basis of the revocation was tried. The appellate court found no abuse of discretion by the trial judge in refusing to continue the revocation of probation hearing until the indictment for robbery had reached trial, even though the indictment for robbery was dismissed the same day the order of revocation was entered. See also Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Seymore v. Beto, 5 Cir., 383 F.2d 384. Cf. Smothermon v. State, Tex.Cr.App., 383 S.W.2d 929.

In the case at bar, as in Dunn, the offense which served as the basis of the revocation

was later dismissed. Such action does not affect the validity of the revocation.

Next, appellant contends the court erred in admitting and considering for any purpose at the revocation hearing the original judgment since such instrument does not truly reflect the jury verdict on punishment.

The jury's verdict on punishment reads as follows:

"We, the Jury, having found the defendant, EULOGIO BALLI, guilty of the offense of murder with a motor vehicle while intoxicated, assess his punishment at confinement in the penitentiary for 5 years;

"And we, the Jury, having assessed the punishment of the defendant at not more than *ten* years, and having further found that he has never before been convicted of a felony in this or in any other State, do recommend that the imposition of the sentence be suspended and the defendant be placed on probation. (emphasis supplied)

/s/ Ray Timmer
Forman of the Jury"

The verdict on punishment set forth in the judgment reads as follows:

"We, the Jury, having found the defendant, EULOGIO BALLI, guilty of the offense of murder with a motor vehicle while intoxicated, assess his punishment at confinement in the penitentiary for five years; And we, the Jury, having assessed the punishment of the defendant at not more than *five* years, and having further found that he has never before been convicted of a felony in this or in any other State, do recommend that the imposition of the sentence be suspended and the defendant be placed on probation." (Emphasis supplied.)

It is obvious that only the "ten" and the "five" were interchanged in that portion of the verdict relating to the recommendation of probation and not the *actual* penalty assessed. The same would not render the judgment void.

It is observed that the court reduced the probationary period at the same time revocation was ordered in light of the completion of one-third of the original probationary period. See Article 42.12, Sec. 7, V.A.C.C.P. Such action has been upheld in *felony* probation cases. Beshear v. State, 169 Tex.Cr.R. 131, 332 S.W.2d 724; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296. See also Washington v. State, Tex.Cr.App., 361 S.W.2d 395 and Potter v. State, Tex.Cr. App., 420 S.W.2d 948. Such procedure is not authorized where the defendant has neither served two years or one-third of his probationary period as required by Article 42.12, Sec. 7, supra. Smith v. State, Tex. Cr.App., 399 S.W.2d 557.

For the reasons stated, I concur.