**Juan TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43323.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Rehearing Denied April 7, 1971.

---

Luis R. Garcia, San Antonio, for appellant.

John H. Flinn, Dist. Atty., Sinton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation. The record reflects that appellant pleaded guilty to the offense of burglary on October 8, 1965, in San Patricio County, and was placed on probation for a period of 5 years. One of the terms and conditions of probation was that he "commit no offense against the laws of this or any other State or of the United States."

On January 16, 1968, a motion to revoke appellant's probation was filed, alleging that he violated the aforementioned term, in that "he did commit the offense of robbery by assault." A copy of this motion was never served on appellant.

On March 7, 1969, appellant pleaded guilty to the offense of robbery by assault in Galveston County and was placed on probation in that cause for 10 years.

Thereafter, on June 20, 1969, a second motion to revoke appellant's probation was filed alleging that he violated the terms thereof, in that "he was convicted of the felony offense of Robbery by Assault in Cause No. 30,666 on the docket of the 56th District Court of said (Galveston) County, said offense having been committed during the term of said probation." After a hearing on this motion, the court revoked appellant's probation, reformed the judgment to 3 years [1] and sentenced him, hence this appeal.

---

1. Such action being within the trial court's discretion in light of the completion of one-third of the original probationary period. Art. 42.12, Sec. 7, Vernon's Ann. C.C.P. See also Balli v. State, Tex.Cr. App., 460 S.W.2d 424 (concurring opinion, at page 427) ; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296; Beshear v. State, 169 Tex.Cr.R. 131, 332 S.W.2d 724.

First, appellant contends that the court abused its discretion in revoking his probation because of the failure to serve him a copy of the motion filed January 16, 1968, thereby depriving him of "defenses" in the cause pending against him in Galveston County.

 In King v. State, 169 Tex.Cr.R. 619, 336 S.W.2d 941, this court held that a proceeding to revoke probation does not require any particular time for the giving of notice to the probationer as long as the term of original probated sentence has not expired when the motion is filed. See also McDaniel v. State, 158 Tex.Cr.R. 301, 254 S.W.2d 785. Further, the revocation was based on the second motion to revoke, of which appellant was given notice.

Appellant's first contention is overruled.

Appellant further urges that admission into evidence of state's exhibits was error because said exhibits were not certified as exact copies on file in the Galveston County cause.

The record reflects that the exhibits in question are certified as true copies by the Deputy District Clerk of Galveston County, Texas. Article 3731a, Section 4, V.A.C.S. provides that "such writings may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy." Texas Department of Public Safety v. Richardson, Tex., 384 S. W.2d 128; Allison v. State, Tex.Cr.App., 423 S.W.2d 326.

Appellant's second contention is overruled.

Appellant also complains that the aforesaid state's exhibits were improperly admitted into evidence in violation of Article 3731a(3) V.A.C.S. Section (3) provides for the admission of such documents if, in the opinion of the court, no unfair surprise occurred by failure to deliver a copy thereof to the adverse party. Redd v. State, Tex.Cr.App., 452 S.W.2d 919; John-

son v. State, Tex.Cr.App., 410 S.W.2d 785. Appellant objected to the exhibits during the revocation hearing and was overruled.

The remaining grounds of error have been examined and we find no reversible error. No abuse of discretion by the trial court is found.

The judgment is affirmed.