Bernardo DE LEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43604.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied May 12, 1971.

Lyman, Sudduth & Tinker, by Douglas Tinker, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Phillip M. Westergren, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on July 22, 1969, the appellant waived trial by jury and entered a plea of not guilty before the court to the charge of robbery by firearms.[1] Upon a finding of guilt the court assessed the punishment at 10 years, but suspended the imposition of the sentence and placed the appellant on probation. Among the conditions of probation imposed and set forth in the judgment are found the requirements that the appellant

"(a) Commit no offense against the laws of this state, or any other state or the United States;

\*   \*   \*   \*   \*   \*

"(d) Report to the Probation Officer as directed   \*   \*   \*."

On April 15, 1970, the State filed a motion to revoke probation alleging a violation of conditions (a) and (d) set forth above.

On April 23, 1970, following a hearing on such motion the court revoked probation upon such grounds and sentence was imposed.

The appellant contends the court abused its discretion in revoking probation.

We shall first turn our attention to the alleged violation of condition (d).

The condition as set forth in the judgment by the court which was shown to have been served upon the appellant does not indicate when or how frequently the appellant was to report to the probation officer.[2] While the motion to revoke probation alleged that the appellant had failed to report to "probation office as directed, and at least once per month," there was no evidence offered that the court had so directed or made such requirement a part of the probationary conditions. And only the court having jurisdiction of the case shall determine and fix the terms and conditions of probation. Article 42.12, Secs. 5 & 6, V.A.C.C.P. This authority may not be delegated to a probation officer or anyone else. McDonald v. State, Tex.Cr.App., 442 S.W.2d 386.

The probation officer merely testified that the appellant failed to report "three times" without giving dates or showing how such failure was in violation of the actual conditions imposed upon the appellant.

In light of the record before us, the trial court was not authorized to revoke upon a finding that condition (d) had been violated.

Next we turn to the question of whether the revocation order can be sustained upon a showing that the appellant violated a penal law and hence condition (a) of the probationary conditions.

The evidence was stipulated Sgt. Bell of the Corpus Christi Police Department would testify that on April 10, 1970, he arrested the appellant at the Port Recreation Club and that the search incident to arrest produced heroin which was discovered in the appellant's trousers; that he had acted upon the information from an informant the

1. It appears that the State did not seek the death penalty. See Art. 1.14, Vernon's Ann.C.C.P. The case was therefore tried before court as a non-capital case.

2. This court has repeatedly urged that the conditions of probation be clearly set forth in the judgments and orders granting probation so that the probationer and the authorities may know with certainty what those conditions are. McDonald v. State, Tex.Cr.App., 442 S.W. 2d 386, 387, and cases there cited.

appellant had heroin and was selling it and upon his arrival at the club in question he saw the appellant dressed just as the informant had described him.

It was further stipulated that appellant had been duly warned in accordance with Article 38.22, V.A.C.C.P. and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and had then voluntarily given a written extrajudicial confession. Such statement was offered into evidence.

The stipulations were entered into with the understanding that the appellant was contending the officers lacked probable cause to arrest, and that the fruits of the search incident to arrest were inadmissible.

While an illegal arrest may under certain circumstances vitiate a confession, particularly an incriminating verbal statement made contemporaneous with the unlawful arrest where the surrounding circumstances show the statement not to be an act of wholly free will, it does not follow that every confession following an illegal arrest is ipso facto inadmissible. See Pearson v. State, Tex.Cr.App., 414 S.W.2d 675.

And in Lacefield v. State, Tex.Cr.App., 412 S.W.2d 906, it was held that a confession otherwise shown to have been voluntary is not rendered inadmissible by the fact that the accused was under arrest or in custody at the time, even though the arrest may have been under invalid process or without any process or legal right. See also Gonzales v. State, Tex.Cr. App., 429 S.W.2d 882, 885.

■ The stipulation offers us meager evidence upon which to determine the validity of appellant's arrest. It is not clearly shown whether the arrest was with or without a warrant.[3] We need not pass upon that, however, since it is apparent that the written confession was voluntarily given and properly taken. In Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104,

it was held that the uncorroboated confession of the probationer constituted sufficient evidence for the court to revoke probation. See also Hulsey v. State, Tex. Cr.App., 447 S.W.2d 165; Tollett v. State, Tex.Cr.App., 456 S.W.2d 909; Campbell v. State, Tex.Cr.App., 456 S.W.2d 918.

Further, we note that the probation officer testified that on an occasion prior to the arrest in question the appellant had informed him that he (the appellant) had been using heroin.

We deem the evidence sufficient to show a violation of condition (a) and to sustain the order revoking probation. No abuse of discretion is shown.

■ Following the revocation hearing the court in addition to revoking probation reduced the punishment assessed to 8 years' confinement in the Texas Department of Corrections and then imposed sentence of "not less than 2 nor more than 8 years." Since the appellant had neither served two years nor one-third of his probationary period such procedure was not authorized. Article 42.12, Sec. 7, V.A.C.C.P. Smith v. State, Tex.Cr.App., 399 S.W.2d 557. If he had served such period of time on probation the court's action would have been valid. Beshear v. State, 169 Tex.Cr. R. 131, 332 S.W.2d 724; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296; Trevino v. State, Tex.Cr.App., 464 S.W.2d 859. See also Potter v. State, Tex.Cr.App., 420 S.W.2d 948; Washington v. State, Tex.Cr.App., 361 S.W.2d 395.

Still further, we note that the minimum punishment for robbery is five years (see Article 1408, V.A.P.C.) and the court did not properly apply the indeterminate sentence law. See Article 42.09, V.A.C.C.P.

■ The sentence will, therefore, be reformed to provide for confinement "for not less than five nor more than ten years."

■ Since the court also attempted to give appellant 13 days credit for "jail

---

3. The time lapse between receipt of the informant's tip and the arrest would indicate an arrest without a warrant.

time" at the time of sentence, attention is called to Creamer v. State, Tex.Cr.App., 430 S.W.2d 500, holding that since a probationer is on probation until the moment of revocation, he is not entitled to credit on his sentence for any time served on probation. See Article 42.12, Sec. 8, V.A.C.C.P.; Wilkerson v. State, Tex.Cr. App., 395 S.W.2d 618.

As reformed, the judgment is affirmed.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Appellant herein has filed a motion for rehearing in which he urges that the evidence was not sufficient to show a violation of condition of probation and that this Court erred in reforming the sentence herein.

On the same day that the motion for rehearing was filed in this Court, appellant further filed a motion to dismiss and withdraw the appeal in said cause.

Ordinarily, once this Court has written and decided a case, a motion to dismiss will not be entertained.

Both the motion to dismiss and withdraw appeal and the motion for rehearing are in all things overruled and denied.