**Billy Ray TAYLOR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 43674, 43675.**

Court of Criminal Appeals of Texas.

April 27, 1971.

Rehearing Denied June 2, 1971.

Holcomb & Norwood by Weldon Holcomb, Tyler, for appellant.

## OPINION

DOUGLAS, Judge.

The appeals are from orders revoking probation.

On January 14, 1970, the appellant was convicted in two separate cases for the subsequent offense of driving while intoxicated. The punishment was assessed in each case at five years, probated. Among the conditions of probation were the requirements that the probationer commit no offense against the laws of this State and avoid the use of alcoholic beverages.

On February 3, 1970, an application to revoke probation in each case was filed by the district attorney alleging that the probationer had violated the terms of his probation in that on or about January 31, 1970 he had used alcoholic beverages and was drunk in a public place, to-wit: Lake Tyler, Smith County, Texas. After a hearing, the trial court entered an order revoking appellant's probation.

The sole ground presented for review is that the trial court abused its discretion in revoking the probation in that there was no showing that appellant had consumed any alcoholic beverage or was drunk in a public place.

At the hearing, the State presented evidence that appellant was arrested while he was in a boat on the waters of Lake Tyler which was a public place. Lake Patrolman Bill Chapman testified that appellant was sitting in a boat with a bottle of whiskey in his lap. Patrolman Chapman further testified that there was beer in the boat, that appellant could not stand up, and that, in his opinion, the appellant appeared to be drunk.

Dan Alpin, a caretaker at the lake, testified that from the way appellant was staggering in the boat and was falling around he thought appellant was drunk. Deputy Sheriff Riley Miller testified that in his opinion appellant was drunk. Deputy Sheriff Ed Jenkins testified that he smelled the odor of alcoholic beverage on the appellant, that appellant was bleary-eyed and talked incoherently and that in his opinion the appellant was drunk.

The evidence was sufficient to show, and for the trial court to conclude, that the appellant consumed an alcoholic beverage and was drunk in a public place in violation of Article 477, Vernon's Ann.P.C., and the terms of probation. No abuse of discretion has been shown.

After revoking the probation, the court reduced the punishment from five years and imposed the sentence of "not less than one day nor more than four years."

Since appellant had not satisfactorily completed one-third of the original probationary period, such procedure was not authorized. Article 42.12, Section 7, Vernon's Ann. C.C.P.; Smith v. State, Tex.Cr.App., 399 S.W.2d 557. The sentences will therefore be reformed to provide for confinement for not less than one day nor more than five years.

The judgment revoking probation is affirmed.