**Joe De Leon QUINTERO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44293.**

Court of Criminal Appeals of Texas.

July 14, 1971.

No attorney on appeal, for appellant.

Ted Butler, Dist. Atty., and Lucien B. Campbell, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

The record reflects that on May 13, 1969, appellant was convicted for the offense of murder without malice upon his

plea of nolo contendere before the court, after waiving his right to trial by jury. Punishment was assessed by the court at three years, imposition of sentence was suspended and appellant was placed on probation. Some of the terms and conditions of probation were that the appellant: neither commit nor be convicted of any offense against the laws of the State of Texas; avoid injurious or vicious habits and abstain from the use of narcotic drugs in any form; report to the probation officer as directed; pay restitution and a supervisory fee in fixed amounts set by the court.

On January 22, 1970, the state filed a motion to revoke probation alleging that appellant violated the aforementioned terms and conditions of his probation. On June 26, 1970, the court entered an order revoking probation wherein the court found that the "evidence sustained the allegations" in that the aforementioned terms and conditions were violated.

The appellate record before us contains no statement of facts, nor does it reflect a request made by appellant's employed counsel.[1] No brief has been filed on behalf of the appellant, no affidavit of indigency was filed, and the trial court entered an order transmitting the record to this court wherein he found " * * * and it not appearing to the court that defendant is a pauper. * * *"

We have examined the record on appeal, and find no matters which show an abuse of discretion.

However, the state points out in its brief that the sentence entered after revocation of probation ordered that sentence would begin and operate from January 30, 1970, whereas it should begin June 26, 1970, the date probation was revoked. We agree. Appellant is not entitled to credit on his sentence for any time served on probation. Article 42.12, Sec. 8, Vernon's

Ann.C.C.P.; De Leon v. State, Tex.Cr. App., 466 S.W.2d 573; Creamer v. State, Tex.Cr.App., 430 S.W.2d 500; Wilkerson v. State, Tex.Cr.App., 395 S.W.2d 618. It is ordered that the sentence be reformed to begin and operate from June 26, 1970.

As reformed, the judgment is affirmed.

MORRISON, J., concurs in results.

---

1. The record reflects that on December 11, 1970, appellant's appointed attorney on appeal was released, and he retained Honorable Joe Valdez to represent him on appeal.