**William S. CARTER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45510.**

Court of Criminal Appeals of Texas.

July 26, 1972.

O. M. Calhoun, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and F. G. Shackelford, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant was convicted on a plea of guilty for passing a forged instrument; punishment was assessed by the court at four years imprisonment. On September 14, 1970, imposition of sentence was suspended and appellant was placed on probation. Among the conditions of appellant's probation were the provisions that he "Report to E. L. Booch, Potter County, Texas, who is hereby designated Probation Officer, as such officer may direct, but at least once each thirty days;" and "Remain within the confines of Potter, Randall and Armstrong Counties of the State of Texas during the term of his probation except by

written permission of this court, to be filed with the clerk of this court."

On August 27, 1971, the State filed an amended motion to revoke probation, wherein it was alleged that:

"(a) The defendant . . . subsequent to the above mentioned conviction and since October 5, 1970 has not reported to . . . his probation officer, absconded from supervision and was a fugitive.

"(b) The defendant . . . subsequent to the above mentioned conviction, was apprehended in Green Bay, Wisconsin, without written permission to travel there.

"(c) Further, the defendant . . . subsequent to the above mentioned conviction, has failed to make restitution." [1]

A hearing was conducted on the State's amended motion to revoke probation on September 9, 1971. The court found that the appellant "failed to comply with the conditions of his probation, as set forth in the [State's motion]." An order was entered revoking probation and imposing sentence.

Appellant urges that the trial court abused its discretion in revoking appellant's probation because "The evidence introduced by the State . . . was insufficient to support the revocation of appellant's probation."

On October 5, 1970, appellant was granted a travel permit whereby he was allowed to leave Amarillo and go to Lubbock, Waco, Beaumont and Baton Rouge, Louisiana, "as long as he was working with the Bill Haimes circus or shows." The permit expired November 9, 1970. Appellant was informed that he would be allowed to continue to travel as long as he was working with those shows provided he either reported to the probation office in Amarillo in person the ninth of November, or requested and received an extension of his travel permit upon its expiration. Appellant neither made an appearance before the probation officer nor corresponded with him.

Glenn Fauske, Assistant Adult Probation Officer for Potter County, testified that his office had no contact with appellant until "just a few days" prior to the hearing on the motion to revoke probation, at which time Fauske traveled to Green Bay, Wisconsin, to take custody of appellant under a fugitive warrant issued March 31, 1971.[2] Fauske stated that he had attempted to reach appellant with the Bill Haimes Show after the expiration of appellant's travel permit but that the show had gone to its winter quarters and appellant was not working with them at that time.

Appellant testified that he did not understand that he could only go to the towns specifically named on his travel permit, but that he believed that the permit gave him permission to travel "as long as [he] was with the show." On cross-examination appellant testified that he did not have authorization to go to Green Bay, Wisconsin, and that he was not working with the "Bill Haimes Show" at the time he went there. He stated that he had not written his probation officer, but that he "would start [a written report to his probation officer] . . . would word it wrong and end up throwing it away," and that he never attempted to call the probation office.

.

Appellant contends that "condition number 4 . . . is ambiguous and . . . that it is an abuse of discretion to revoke probation if there is an absence of evi-

---

1. The record reflects that at the time of the hearing the State abandoned its allegation (c), that appellant "failed to make restitution."

2. Appellant testified that he was arrested in Green Bay, Wisconsin, in a stolen automobile. He stated that he had not been charged with a violation of any law in Wisconsin "because [he] turned State's evidence."

dence as to when the probationer was directed to report to the probation officer." Appellant urges that De Leon v. State, 466 S.W.2d 573 (Tex.Cr.App.1971), "is an exact case in point." In *De Leon*, one of the conditions of probation was that the probationer "(d) Report to the Probation Officer as directed." This court said:

"The condition as set forth in the judgment by the court which was shown to have been served upon the appellant does not indicate when or how frequently the appellant was to report to the probation officer. *While the motion to revoke probation alleged that the appellant had failed to report to 'probation office as directed, and at least once per month,' there was no evidence offered that the court had so directed or made such requirement a part of the probationary conditions.*" (emphasis supplied.)

*De Leon*, then, is distinguishable from the cause before us. Condition number 4, as set out above, expressly directed that appellant, "Report to E. L. Booch, Potter County, Texas, who is hereby designated Probation Officer, as such officer may direct, *but at least once each thirty days.*" See Cox v. State, 445 S.W.2d 200 (Tex. Cr.App.1969). The appellant reported to probation officers on three occasions prior to leaving Amarillo and his testimony reflects an awareness that he was to communicate with and make periodical reports to his probation officer. The failure to do so was a violation of the conditions of probation. Cox v. State, *supra*, and compare, Cotton v. State, 472 S.W.2d 526 (Tex.Cr. App.1971); De Leon v. State, *supra*.

 Appellant testified that on eight separate occasions he attempted to return to Amarillo to contact the probation officer but stated that in each instance officers of the Amarillo Police Department "run me out" of town. Appellant urges that reversal is required because this testimony was "undisputed." The court, as the trier of facts, is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. Aldridge v. State, 482 S.W.2d 171 (1972); Nalls v. State, 476 S.W.2d 297 (Tex.Cr. App.1972); Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971); Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971); Ellis v. State, 456 S.W.2d 398 (Tex.Cr.App. 1970). This contention is overruled.

Finding no abuse of discretion in the revocation of appellant's probation, the judgment is affirmed.

Opinion approved by the court.

ROBERTS, J., not participating.