

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00070-CR

**ERIC RAY PRICE,**

                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                          **Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. CR07567

## MEMORANDUM OPINION

Pursuant to a plea agreement, Appellant Eric Ray Price pleaded guilty to burglary of a habitation with commission of assault. The trial court assessed his punishment at eight years' imprisonment, a $1,000 fine, 300 hours of community service, and payment of his court-appointed attorney fees, but suspended the prison sentence and placed him on community supervision for eight years.

The State subsequently filed a motion to revoke Price's community supervision, alleging five grounds for revocation. The trial court held a hearing on the motion to

revoke and, at its conclusion, found that alleged violations one, two, four, and five were true. The court then revoked Price's community supervision and assessed his punishment at eight years' imprisonment and a $970 fine. By six issues, Price appeals the trial court's revocation of his community supervision.

## Motion to Withdraw

In his first issue, Price contends that the trial court abused its discretion in granting the motion to withdraw filed by his counsel William Jones. Jones had been appointed to represent Price. On February 16, 2011, Jones filed a handwritten motion to withdraw that was dated January 27, 2011. The trial court signed an order approving Jones's withdrawal. The order was filed on February 16, 2011. On that same day, the trial court also signed an order appointing Rickey Bryan to represent Price. The order was filed on February 18, 2011.

Generally, as a prerequisite to presenting a complaint for appellate review, the complaint must have been made in the trial court. *See* TEX. R. APP. P. 33.1(a).

Jones's motion to withdraw did not inform Price of his right to object to the motion, the record does not reflect that Price was served with a copy of the motion, and the motion was filed on the same day that the order approving Jones's withdrawal was filed. Therefore, we assume Price did not have an opportunity to object before the motion was granted. By February 25, 2011, however, Price was aware that the motion had been granted because his handwritten document filed by the district court clerk on that day states that he has a "conflict of interest" with Bryan. We note that although Price states his dissatisfaction with the appointment of Bryan as his newly appointed

attorney, he never complains that Jones's motion to withdraw was erroneously granted. *See Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that issue was not preserved for review because appellant's trial objection "does not comport with" the issue he raised on appeal). Furthermore, Price was obviously aware that Jones's motion to withdraw had been granted when he appeared with his newly appointed counsel at the hearing on the State's motion to revoke on March 2, 2011. Yet he made no objection to the order approving Jones's withdrawal.

Because Price failed to raise his first issue in the trial court, it is not preserved for review, and we overrule it.

## Motion for Continuance

In his second issue, Price contends that the trial court abused its discretion in denying his counsel's oral motion for continuance. The denial of an oral motion for continuance preserves nothing for our review. *Anderson v. State*, 301 S.W.3d 276, 278-81 (Tex. Crim. App. 2009) (holding that court of appeals erred by applying due process exception to motion for continuance preservation requirement and concluding that "right to present a defense is subject to forfeiture"). Accordingly, we overrule Price's second issue.

## Notice of Allegations

In his third issue, Price contends that the trial court abused its discretion in finding that he received notice of the allegations in the State's motion to revoke when there is no evidence in the record that he was ever served with the motion and the motion was not read into the record at the hearing.

The State's motion to revoke was filed on October 25, 2010, and the revocation hearing was held on March 2, 2011. Thus, the motion to revoke was on file for over four months before the revocation hearing. But the fact that the motion was on file with the court does not necessarily mean that the motion was properly served on Price before the hearing. Also, the motion does not contain a certificate of service. At the beginning of the revocation hearing, however, the trial court asked Price if he knew that the State had filed a motion to revoke his community supervision. Price replied that he did. When asked if he was familiar with the motion, he replied, "No, sir. I was never notified. I never got any documentation whatsoever." But then when the trial court again asked if Price was aware of the violations alleged against him, Price said, "No, sir. *He just told me just the other day.*" [Emphasis added.] Price's counsel then stated, "I met with Mr. Price and went over the motion to revoke and he indicated not true on violations one through five."

Therefore, the trial court did not abuse its discretion in finding that Price received notice of the allegations in the State's motion to revoke. There is no statutory requirement as to the length of time a probationer must have a copy of the revocation served upon him before the revocation hearing as long as the term of the original probated sentence has not expired when the motion is filed. *See Trevino v. State*, 464 S.W.2d 859, 861 (Tex. Crim. App. 1971); *see also Yates v. State*, 941 S.W.2d 357, 362 (Tex. App.—Waco 1997, pet. ref'd) ("Texas courts have consistently held that the procedures normally attendant to the arrest of an accused person and the preliminary proceedings

which follow do not apply in the same manner to a person charged with a community supervision violation.").

Additionally, Price's complaint that his due process rights were violated because the motion to revoke was not read aloud in open court is not preserved for review. *See* TEX. R. APP. P. 33.1(a). This complaint was never made in the trial court. We thus overrule Price's third issue.

## Reporter's Record

In his fourth issue, Price contends that the trial court abused its discretion and denied him his right to due process by instructing the court reporter not to prepare a transcript of the original plea after his counsel properly requested copies of transcripts of all pretrial hearings, his original plea, and the sentencing hearing. Price argues that his original plea was involuntary and that his counsel is unable to determine if there is any evidence of such without the transcripts.

A defendant placed on community supervision may raise issues relating to the original plea, including issues concerning the voluntariness of his original plea, *only* in appeals taken when community supervision is first imposed. *See Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Clark v. State*, 997 S.W.2d 365, 368-69 (Tex. App.—Dallas 1999, no pet.). Price was convicted and placed on community supervision on March 31, 2010 and was required to perfect an appeal within thirty days. *See* TEX. R. APP. P. 26.2(a). Price did not appeal the trial court's order placing him on community supervision. And Price may not raise an issue concerning the original plea proceeding in this appeal. *See Manuel*, 994 S.W.2d at 661. Therefore, the trial court did not abuse its

discretion and deny Price his right to due process by instructing the court reporter not to prepare a transcript of the original plea. We overrule Price's fourth issue.

## Effective Assistance of Counsel

In his fifth issue, Price contends that he was denied effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, the appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) the defense was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews*, 159 S.W.3d at 101. Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. at 2068.

Price argues that original counsel Jones's deficient performance in failing to file a motion to withdraw that complied with the applicable rules harmed his defense

because it resulted in "a period of lack of representation by counsel and evident confusion on the part of Eric Ray Price that led to the Defendant filing pro se requests that were not subsequently acted upon by later counsel." The record, however, does not reveal a period of time when Price was unrepresented. Rather, the record shows that the trial court signed the order approving Jones's withdrawal as Price's counsel and the order appointing new counsel to represent Price on the same day.

Price also argues that his defense was harmed by counsel's deficient performance in failing to file a sworn, written motion for continuance when he realized that Price's pro se request for witnesses to be subpoenaed had not been acted upon. Because, he says, the failure resulted in the forfeiture of Price's issue on appeal, he was deprived of his right to compulsory process. However, even if we assume counsel's performance was deficient, the record here does not indicate that the witnesses' testimony would actually be material and favorable to the defense. Thus, we cannot conclude that Price has demonstrated that his defense was prejudiced by the alleged deficient performance.

The same is true for Price's argument that his defense was harmed by counsel's deficient performance in failing to subpoena Price's daughter to court with documents that Price wanted presented. Even if we assume counsel's performance was deficient, the record does not show that Price's daughter's testimony or the documents he wanted her to retrieve would have been material and favorable to his defense.

Finally, Price complains of counsel's performance in failing to request the reading of the State's allegations against him when uncertainty regarding notice became

apparent.  But, as discussed above, the record indicates that Price received notice of the allegations in the State's motion to revoke.

For all these reasons, we conclude that Price has failed to demonstrate that the defense was prejudiced by counsel's performance.  We overrule Price's fifth issue.

**Requested Subpoenas**

In his sixth issue, Price states that he was denied due process of law because he filed with the district clerk a written request for witnesses to be subpoenaed and the subpoenas were not issued.  The substance of Price's argument regarding this issue, however, does not mention due process of law and addresses only the right to compulsory process.  Therefore, we conclude that Price's due process of law argument is inadequately briefed, *see* TEX. R. APP. P. 38.1(h), (i), and we will address only Price's argument regarding the right to compulsory process.

The Sixth Amendment right to compulsory process "'is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.'"  *Coleman v. State*, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998) (op. on reh'g) (quoting *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967)).  The Sixth Amendment does not guarantee, however, the right to secure the attendance and testimony of any and all witnesses; rather, it guarantees only compulsory process for obtaining witnesses whose testimony would be both material and favorable to the defense.  *Id.* at 527-28.  To exercise the right to compulsory process, a defendant must make a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness's testimony would be

both material and favorable to the defense. *Id.* at 528. A defendant who has not had an opportunity to interview a witness may make the necessary showing by establishing the matters to which the witness might testify and the relevance and importance of those matters to the success of the defense. *Id.* Were the burden of showing materiality and favorableness not placed on the defendant, "'frivolous and annoying requests [c]ould make the trial endless and unduly burdensome on the Court and all officers thereof.'" *Id.* (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).

Price did not make the necessary showing. Although Price filed a pro se request to subpoena witnesses, in which he included the names and most of the addresses of the witnesses whom he wanted to have subpoenaed, Price made no showing either in the request or at the revocation hearing that the witnesses' testimony would actually be material and favorable to the defense. Absent such a showing, the Sixth Amendment did not require the trial court to compel the witnesses to testify. *See id.* at 527-28. We overrule Price's sixth issue.

Having overruled all six of Price's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed October 18, 2012
Do not publish
[CR25]

\*      (Chief Justice Gray concurs in the judgment.  A separate opinion will not issue.)