Charles Lee ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35029.

Court of Criminal Appeals of Texas.

Nov. 21, 1962.

Rehearing Denied Jan. 16, 1963.

John Bradshaw, Houston, for appellant.

Frank Briscoe, Dist. Atty., and Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an appeal from an order revoking probation. Some two months prior to the entry of this complained-of order, appellant had been placed on probation, pursuant to a plea of guilty to the offense of felony theft, for a period of three years. One of the conditions and terms of probation imposed upon appellant was that he "Commit no offense against the laws of this or any other State or the United States." The state alleged that appellant had violated the terms and conditions of his probation by committing the offense of aggravated assault.

The record at the hearing for revocation of probation reflects that appellant and another youth engaged in an altercation at a drive-in. This fight resulted in appellant's adversary receiving a head injury inflicted by appellant with a small screwdriver. The evidence is conflicting. Appellant takes the position that he was acting in defense of his younger brother at the time of the fight and was also acting in defense of himself, his position being that he did not violate the law. The state's evidence is to the contrary.

This appeal is predicated upon the sole contention that the trial court erred in revoking the probation and abused his judicial discretion in doing so.

The trial judge was the trier of facts. He was in position to observe the demeanor of the witnesses and to test their credibility and the weight to be given their testimony. The trial court concluded, after

**262**

hearing the evidence, to adopt the state's version of the transaction and resolve the issue of defense of another and self-defense, against appellant.

We find the evidence sufficient to sustain the action of the trial court. To hold otherwise, we would have to reach the conclusion that self-defense was shown as a matter of law. This we are not ready to do.

Revocation of probation is discretionary with the trial court. We find no abuse of discretion. Flores v. State, 168 Tex.Cr.R. 629, 331 S.W.2d 217; Stratmon v. State, Tex.Cr.App., 333 S.W.2d 135.

The judgment is affirmed.