James Arthur SCHMILING, Appellant,

v.

The STATE of Texas, Appellee.

No. 39676.

Court of Criminal Appeals of Texas.

May 25, 1966.

Emmett Colvin, Jr., of Waldie, McDowell & Colvin, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Charles L. Caperton, Tom F. Reese and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The offense is burglary; the punishment, eleven years.

The state's testimony shows that the prosecuting witness, Roy W. Godses, was an assistant manager of the "21 Turtle Creek Club" in the city of Dallas. On the night in question, Godses closed the business at 2:30 a. m., and, after securing the doors, went to a nearby delicatessen for breakfast. At such time no one was in the club. An hour later he returned to the club and observed the plate glass in the front door was broken. He then went to an apartment and called the police. In a short time officers arrived upon the scene and were admitted into the building by Godses. After they were inside, a "bumping" noise was heard. The lights were turned on and appellant was observed attempting to break a glass door leading to a patio, in an effort to get out of the building. Appellant was placed under arrest and searched by the officers. In the search, a cigarette lighter, some keys, and $7.53 "in change and cash" were taken from his person. The keys and cigarette lighter were identified by the witness Godses as property which had been in the club. A metal cash box, kept in a desk drawer in the office with money in it, had been opened and was empty. A ventilating panel in an inside door to the office had been removed, leaving a hole large enough for a person to crawl through.

It was shown by the testimony of the prosecuting witness that he did not give anyone permission to break and enter the place and take any property therefrom.

Appellant did not testify but called his sister and brother-in-law as witnesses and their testimony was, in substance, that he was with them on the night in question at their home, drinking beer, and that when he left at 2:30 a. m. to get a package of cigarettes he was intoxicated.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of circumstantial evidence.

We find the evidence sufficient to sustain the judgment of conviction.

The record contains no formal bills of exception and there are no objections to the court's charge.

The informal bills of exception appearing in the statement of facts have been considered, and do not present error.

The judgment is affirmed.

Opinion approved by the court.