**Earl BURGESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41159.**

Court of Criminal Appeals of Texas.

April 3, 1968.

Edwards, Belk, Hunter & Kerr, by James L. Brennand, El Paso, for appellant.

Barton Boling, Dist. Atty., Robert D. Earp, Asst. Dist. Atty., El Paso, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation.

The appellant was convicted on June 30, 1967, in the 34th District Court of El Paso County for the offense of robbery, and his punishment was assessed at seven years.

The imposition of sentence was suspended and appellant was placed on probation. Among the terms and conditions of the probation was that he "commit no offense against the laws of this or any other state or of the United States."

On September 1, 1967, a motion was filed in the 34th District Court at El Paso which alleged that appellant unlawfully broke and entered a house occupied and controlled by Robbin E. L. Washington with the intent to fraudulently take corporeal personal property belonging to Robbin E. L. Washington.

The only ground urged for reversal is that no direct evidence was introduced at the hearing that appellant had the intent to fraudulently take corporeal personal property belonging to Robbin E. L. Washington from the building.

In an appeal from an order revoking probation, the appellate court's review is limited to the question of whether there is an abuse of the trial court's discretion. Chavez v. State, Tex.Cr.App., 375 S.W.2d 729; McDonald v. State, Tex.Cr.App., 393 S.W.2d 914.

The facts adduced at the hearing are as follows:

Joe Villa, owner of the merchant patrol in El Paso went to the American Legion building on July 7, 1967, to check the building. He first checked the building at two o'clock in the morning. When he returned about 45 minutes later that morning, he noticed that a piece of plywood that was supposed to be in a square hole in the door was pushed down. It had been in place when he had checked at two o'clock.

Villa then looked through the hole where the plywood was supposed to be and saw appellant inside the building. Villa said, "Come on, open up," and appellant replied, "Okay, in a minute," and commenced to walk fast to the back of the building.

Villa radioed from his car, parked in front of the building, to police for assistance. He then went to the back of the building where he heard something being broken. He discovered it was a lock for the rear door which was locked from the inside.

When appellant opened the door, Villa said, "Okay" and appellant slammed the door in his face.

By this time the police had arrived at the scene. Two policemen were stationed at the front of the building. Villa and Sergeant Kennedy, the third policeman, smashed the back door down and Villa entered the building. When the appellant saw Villa, he went out the front door where he was arrested by the two officers in front.

The appellant was identified by the arresting officers as being the man in the building.

C. Ramirez, one of the arresting officers, testified that an inspection of the building immediately after the arrest revealed that a cash register had been pried open and the tray was out, and that there were pry marks on the cigarette machine where somebody had attempted to open it.

A search of appellant at the scene yielded some money—five one dollar bills and some quarters.

C. Rivas, another of the arresting officers, testified that the cash register had been "ransacked" and keys thrown around, and that two screwdrivers and two ice picks were found. He also testified the back door had been pried off, and there was a pair of pliers there.

Robbin E. L. Washington, commander of the American Legion Post where appellant was found, testified that he did not give appellant permission to break and enter the building, or to take anything therefrom.

Amy Jackson, an employee at the premises in question, testified that she closed up the building every night and that she closed up as usual on the night in question and locked the front door.

The evidence was sufficient to authorize the trial court to conclude that appellant had violated the terms of his pro-

bation. Morgan v. State, Tex.Cr.App., 399 S.W.2d 363; Bowie v. State, Tex.Cr.App., 401 S.W.2d 829; Mixon v. State, Tex.Cr.App., 401 S.W.2d 806; Schmiling v. State, Tex.Cr.App., 403 S.W.2d 132.

No abuse of discretion is shown by the trial court in revoking the order of probation.

The judgment is affirmed.