**Jerry Wayne HIGDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41765.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 19, 1969.

Herbert Green, Jr., Dallas, for appellant.

Martin D. Eichelberger, Dist. Atty., Tommy P. Herring, Asst. Dist. Atty., Waco, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation and denying an application for a writ of habeas corpus which complained of appellant's confinement and detention while awaiting the hearing on the motion to revoke.

The facts adduced at the hearing show the following. On November 16, 1961, at the age of 13, appellant was adjudged a delinquent child by the 87th District Court of Leon County, and was placed on probation for a period of three years. Supervision of appellant was transferred to McLennan County authorities. In April 1962, appellant was committed to the Texas Youth Council and taken to the Gatesville Training School. Appellant was released from said school in 1963, and, according to his testimony, was given a one year parole, which he alleged he successfully served. On April 26, 1965, less than two months before his seventeenth birthday, appellant executed a confession reciting that he and a companion burglarized a Waco drive-in. And on April 27, 1965, ap-

pellant was returned to Gatesville following revocation of his parole by said Council and an order for his return to their custody. Thereafter, on July 21, 1965, after appellant reached the age of 17, he was tried for the said offense of Burglary and on his plea of guilty was sentenced to serve 3 years in the state penitentiary, which sentence was probated. Motion to revoke probation was filed on December 12, 1967, alleging that appellant had committed an offense, to-wit: a burglary alleged to have occurred in Dallas County on November 13, 1967. The evidence showed that a private residence had been burglarized on November 13, 1967, and that four days later appellant and three companions were found in possession of the articles taken from the burglarized residence.

Appellant's first contention is that the commitment to Gatesville at the order of the Texas Youth Council on April 27, 1965, was invalid because appellant was not accorded the protections due him under In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527. The question is moot because appellant is no longer confined in the Gatesville school under the authority of such order of the Council.

His second contention is that his July 21, 1965 conviction for Burglary, for which he was granted probation which is the subject of the instant revocation, was void because he was incarcerated in Gatesville previously for the same offense and that such constitutes former jeopardy. Insofar as the appeal from the order revoking probation is concerned, such attack upon appellant's conviction cannot now be made. Burgess v. State, Tex.Cr.App., 426 S.W.2d 247. And regarding the habeas corpus contention, appellant's objections to his detention to await the hearing on the revocation are now moot.

Finding no reversible error, the judgment of the trial court ordering appellant's revocation of probation is affirmed.