Jack D. FIELDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42385.

Court of Criminal Appeals of Texas.

Dec. 3, 1969.

Rehearing Denied Feb. 4, 1970.

Thomas D. White, Houston (on appeal only), for appellant.

W. Jack Salyers, Dist. Atty., Fred P. Holub, County Atty., Bay City, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on February 26, 1968, the appellant was found guilty of murder without malice under Art. 802c, Vernon's Ann.P.C., and his punishment was assessed at three years in the Texas Department of Corrections.

The imposition of sentence was suspended, and the appellant was placed on probation.

Among the conditions of his probation were that he commit no offense against the laws of this state; that he abstain from the use of intoxicating liquor of any kind; and that he stay away from liquor stores and where liquor is sold except in bona fide eating places.

During the period of probation, the County Attorney filed a motion to revoke probation alleging that appellant had violated the terms of his probation by consuming intoxicating liquor and that he had been convicted of drunkenness in a public place.

At the hearing, the following evidence was introduced in support of the allegations of the motion to revoke.

The testimony reveals that during the appellant's probation he had been seen two or three times in the Frontier Bar, where beer was sold and consumed, but where no food was sold or served, and on one of the times he had a "beer" in his hand, and was seen to leave the bar with a "beer" in his hand and go to a pickup. On another occasion a waitress at the Red Barn sold the appellant two cans of beer, and he left the building and drove away. A Highway Patrol officer testified that he saw the appellant at a place on the highway where a pickup was in a ditch, that in his opinion the appellant had been drinking and was intoxicated, and in "my opinion he had smelled strongly of alcoholic beverage," and he filed a complaint against him for being drunk in a public place. The testimony of the Justice of the Peace before whom the highway patrolman filed the complaint against the appellant for drunkenness in a public place sufficiently shows that his attorney entered a plea of nolo contendere thereto for the appellant, and the fine assessed as punishment in the case was paid. Art. 27.14, Vernon's Ann.C.C.P.

■ In an appeal from an order revoking probation, the appellate court's review is limited to the question of whether there is an abuse of the trial court's discretion. Chavez v. State, Tex.Cr.App., 375 S.W.2d 729; McDonald v. State, Tex.Cr.App., 393 S.W.2d 914; Burgess v. State, Tex.Cr. App., 426 S.W.2d 247.

**262**

The evidence was sufficient to authorize the trial court to conclude that appellant had violated the terms of his probation.

 No abuse of discretion is shown by the trial court in revoking the order of probation.

The judgment reciting that the appellant was adjudged guilty of "Murder by Auto," and the sentence reciting that he had been adjudged guilty of "Violating Probation" are hereby reformed to read that appellant is found guilty of murder without malice, Art. 802c, V.A.P.C. Smith v. State, 162 Tex.Cr.R. 237, 283 S.W.2d 936.

As reformed, the judgment is affirmed.