Moises AGUILAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 44029.

Court of Criminal Appeals of Texas.

July 7, 1971.

Rehearing Denied Oct. 20, 1971.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty., Joel William Ellis, Asst. Dist. Atty., Brownsville, and

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on April 12, 1967, the appellant entered a plea of guilty before the court to the felony offense of willfully injuring property belonging to another. The punishment was assessed at 4 years, but the imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions. Among such conditions was the requirement that he "(a) Commit no offense against the laws of this State or any other State or of the United States."

On February 25, 1970, the State filed a motion to revoke probation alleging several "convictions" in Justice of the Peace Court. On April 20, 1970, the State filed an amended motion to revoke alleging that "on or about" January 25, 1970, the appellant had committed the crime of affray, the crime of abusive language and had resisted arrest by police officers of the city of San Benito. Convictions for these offenses in the Justice Court were also alleged.

On May 20, 1970, following a hearing on such amended motion, the court revoked probation finding that appellant had violated his probationary conditions in that:

"1.  On January 25, 1970, the Defendant Moises Aguilar was guilty and committed the crime of affray and fought with another in a public place;

"2.  On January 25, 1970, the Defendant Moises Aguilar used loud, violent and abusive language in a public place;

"3.  On January 25, 1970, the Defendant Moises Aguilar resisted police offi-

cers of San Benito, Cameron County, Texas, in performance of their duty in arresting him."

Sentence was later imposed and notice of appeal given.

Appellant recognizes at the outset that appellate review of revocation of probation proceedings is limited to a determination of whether the court abused its discretion, Fields v. State, Tex.Cr.App., 449 S.W.2d 260; Patton v. State, Tex.Cr.App., 450 S. W.2d 856; Manning v. State, Tex.Cr.App., 412 S.W.2d 656; Torres v. State, Tex.Cr. App., 403 S.W.2d 135, and that the appellate court is bound to review the matter in the light most favorable to the State. Bowers v. State, Tex.Cr.App., 414 S.W.2d 929.

Adan Gonzales testified that on January 24, 1970, he was at a wedding dance at the La Villita Patio in Cameron County, Texas; that about 11 p. m. he started to the men's restroom and just outside "bumped" into a bottle being held by the appellant; that the appellant and his companion asked him if he wanted to fight, but he declined and apologized for the "bumping"; that the appellant followed him into the restroom and grabbed him by the collar and then swung at him; that he backed up, even climbing up on the commode but that when his foot went into the commode, he got angry and commenced hitting the appellant.

Gonzales related that as he and the appellant struggled outside the restroom they were arrested by the police.

Officer Flores, of the San Benito Police Department, testified he was working in uniform at the establishment in question when an employee informed him of a fight in the men's restroom and when he arrived he observed the appellant and Gonzales engaged in a fight. He arrested the appellant while Officer Garcia took custody of Gonzales and while he was taking the appellant across the patio the appellant began to kick and cursed, resisting arrest and

calling the officers "sons of bitches" and yelling they were not going to take him in. Flores testified in his opinion the appellant was intoxicated.

Officer Garcia, also an employee of the La Villita Patio, corroborated Flores' testimony as to the affray and the abusive language and the fact that appellant resisted arrest.

Testifying in his own behalf the appellant denied all. He stated he had had nothing to drink; that Gonzales started the affray in the restroom and had struck him with a bottle inflicting a cut on his head; that he did not resist arrest or use abusive language. He called his sister and other witnesses who revealed they did not hear appellant use abusive language or see him resisting arrest.

■ Other testimony was offered as to appellant's appearance without counsel in the Justice of Peace Court in connection with the charges filed and the payment of fines by his parents, but it is obvious the trial judge did not make any findings as to the validity of such convictions, nor was he required to do so before revoking probation. The revocation was not dependent upon a showing of a valid conviction in a court of competent jurisdiction for the offense which was made the basis of the revocation. Hall v. State, Tex.Cr.App., 452 S.W.2d 490, 493 and cases there cited. All that was necessary was a showing that the appellant had committed a penal offense in violation of his probationary conditions.

■ And in revocation of probation proceedings the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given to their testimony. He may accept or reject any part of a witness' testimony. Maddox v. State, Tex.Cr.App., 466 S.W.2d 755; Ellis v. State, Tex.Cr.App., 456 S.W.2d 398; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165; Tollett v. State, Tex.Cr.App., 456 S.W.2d 909; Bowers v. State, supra. See Roberts v. State, Tex.Cr.App., 363 S.W.2d 261;

Samora v. State, 169 Tex.Cr.R. 631, 336 S.W.2d 627. Cf. Hudson v. State, Tex.Cr. App., 418 S.W.2d 813.

■ In light of the evidence offered, we do not find the trial judge abused his discretion in revoking probation.

It is true that the court found the offenses were committed on January 25, 1970, while the evidence reflects they were committed around 11 p. m. on January 24, 1970. Since the State relied upon an "on or about" allegation in its amended motion to revoke, and evidence showed that offenses were committed and the revocation hearing was held within the period of probation, no fundamental error is reflected.

The judgment is affirmed.