NO.
12-09-00101-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MICHAEL
KEITH LUERA, JR.                      '                 APPEAL FROM THE 173RD

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 HENDERSON COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

In
two issues, Michael Keith Luera, Jr. challenges the sufficiency of the evidence
to support the trial court’s revocation of his deferred adjudication community
supervision.  We affirm. 

 

Background

Appellant
was charged by information in 2004 for the offense of indecency with a child.[1]
 He waived his
right to trial by jury, judicially confessed to committing the offense, and was
sentenced to eight years of deferred adjudication community supervision.

The
State moved to adjudicate Appellant’s guilt, alleging that Appellant had
violated the terms and conditions of his community supervision.  In its motion,
the State alleged five violations of the terms and conditions of Appellant's
community supervision.   Appellant pleaded “not true” to the allegations in the
State’s motion to adjudicate.  After an evidentiary hearing on the State’s
motion, the trial court found two of the State’s allegations to be true and three
of the allegations not true.

Based
on these findings, the trial court proceeded to a determination of guilt and
found Appellant guilty of the offense of indecency with a child. The trial
court then sentenced Appellant to four years of imprisonment. 

 

Community
Supervision Revocation

In
his second issue, Appellant contends the trial court abused its discretion in
revoking his deferred adjudication community supervision because the evidence
is insufficient to support the State’s allegations.  In particular, he
complains that the evidence is insufficient to support the allegation that he
“failed to refrain from the ownership, possession otherwise use of a computer
that is capable of being connected to the [i]nternet.”

Standard
of Review and Applicable Law

In
community supervision revocation cases, the state has the burden to establish
by a preponderance of the evidence that the terms and conditions of community
supervision have been violated.  Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984).  The preponderance of the evidence standard is
met when the greater weight of the credible evidence before the trial court
supports a reasonable belief that a condition of community supervision has been
violated.  Rickels v. State, 202 S.W.3d 759, 764 (Tex. Crim. App.
2006). 

Our
review of the trial court’s order revoking community supervision is limited to
determining whether the trial court abused its discretion.  Caddell v.
State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).  When a trial court
finds several violations of community supervision conditions, we affirm the revocation
order if the proof of any single allegation is sufficient.  See Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Hart v. State,
264 S.W.3d 364, 367 (Tex. App.–Eastland 2008, pet. ref'd); Greer v. State,
999 S.W.2d 484, 486 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd).

As
in the traditional legal sufficiency analysis, we view the evidence in the
light most favorable to the trial court’s decision to revoke.  Hart,
264 S.W.3d at 367.  Factual sufficiency review is not available for an appeal
for revocation of community supervision.  See id.; see also Joseph
v. State, 3 S.W.3d 627, 642 (Tex. App.–Houston [14th Dist.] 1999, no pet.). 
Moreover, in a revocation proceeding, the trial judge functions like the jury
because he or she is the sole trier of the facts, the credibility of the
witnesses, and the weight to be given to witnesses’ testimony.  Diaz v.
State, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); Aguilar v.
State, 471 S.W.2d 58, 60 (Tex. Crim. App. 1971).  

Discussion

The
State alleged in its motion to proceed with an adjudication of guilt as
follows: 

 

[Appellant]
failed to refrain from the ownership, possession or otherwise use of a computer
that is capable of being connected to the Internet in that on or about the 13th
day of May, 2008, Holly Schneider provided a signed, voluntary statement to the
fact that she witnessed Defendant, Michael Luera on a computer viewing on-line
child pornography. 

 

Holly
Schneider testified that she was Catherine Sturgis’s roommate.  Sturgis is
Appellant’s girlfriend.  Schneider testified that Appellant owned a computer
and that, on several occasions, she observed Appellant use a computer while it
was connected to the internet.  Appellant argues that the record shows
Schneider testified only that she saw Sturgis playing the games while Appellant
watched.  Thus, he argues there was no evidence that he used a computer that
was capable of being connected to the internet.  Contrary to Appellant’s
assertion, however, the record reflects that Schneider testified she saw
Appellant using a computer while it was actively connected to the internet and
that she observed him playing adult-oriented games online on several occasions.[2]

Next,
Appellant contends that the animated game he played depicting sexual acts with
children does not constitute “child pornography.”  See generally Ashcroft
v. Free Speech Coal., 535 U.S. 234, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002). 
Consequently, he argues, the allegation in the State’s motion that Appellant
viewed “child pornography” cannot be true and he therefore could not have
violated the terms and conditions of his community supervision.  But the
technical rules of pleading indictments do not apply in this context.  See Ablon
v. State, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976).  A motion to
revoke community supervision is sufficient if the motion gives fair notice to
an appellant of the violations alleged by the state.  See Labelle v.
State, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986).  In this case, the State
alleged in its motion that Appellant used a computer connected to the internet.
The allegations also provided a specific date, notified Appellant of his
accuser’s identity, and identified a course of conduct while using the
computer.  With that information, Appellant could assert a defense and was not
surprised or misled at the hearing on the motion.  See, e.g., Pierce v.
State, 113 S.W.3d 431, 439-40 (Tex. App.–Texarkana 2003, pet. ref’d); Montoya
v. State, 832 S.W.2d 138, 142 (Tex. App.–Fort Worth 1992, no pet.).  Therefore,
Appellant received fair notice of the alleged violation and a supporting
factual basis.

The
community supervision condition required Appellant to refrain altogether from
ownership, possession, or use of a computer that was capable of being connected
to the internet.  Given the exact wording of the condition, as well as the lack
of surprise or prejudice to Appellant, it is immaterial whether what was viewed
on the computer met the definition of “child pornography.” Cf. Williams
v. State, 270 S.W.3d 140, 144 n.2 (Tex. Crim. App. 2008) (discussing
the fatal variance rule and the now overruled surplusage doctrine in the more
stringent indictment context). Schneider testified that she witnessed Appellant
using a computer that was connected to the internet. Such conduct is a
violation of his community supervision conditions.  

Viewed
in the light most favorable to the verdict, we hold that the State satisfied
its burden to show by a preponderance of the evidence that Appellant used a
computer that was connected to the internet.  Appellant failed to show the
trial court abused its discretion.  Appellant’s second issue is overruled. 
Because proof of one violation is sufficient to support the trial court’s
order, we need not address Appellant’s first issue.  See Tex. R. App. P. 47.1; Hart,
264 S.W.3d at 367. 

 

Disposition

            We affirm
the judgment of the trial court. 

 

 

                                                                             Sam
Griffith

                                                                                  
  Justice

 

 

Opinion delivered February 26,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)









                [1] Appellant
waived the right to be charged by indictment.





                [2] Additionally,
although Appellant initially denied the presence of a computer in Catherine
Sturgis’s apartment, he later admitted that a computer was located there.