# NO. 12-09-00101-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL KEITH LUERA, JR.*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

In two issues, Michael Keith Luera, Jr. challenges the sufficiency of the evidence to support the trial court's revocation of his deferred adjudication community supervision. We affirm.

### BACKGROUND

Appellant was charged by information in 2004 for the offense of indecency with a child.[1] He waived his right to trial by jury, judicially confessed to committing the offense, and was sentenced to eight years of deferred adjudication community supervision.

The State moved to adjudicate Appellant's guilt, alleging that Appellant had violated the terms and conditions of his community supervision. In its motion, the State alleged five violations of the terms and conditions of Appellant's community supervision. Appellant pleaded "not true" to the allegations in the State's motion to adjudicate. After an evidentiary hearing on the State's motion, the trial court found two of the State's allegations to be true and three of the

---

[1] Appellant waived the right to be charged by indictment.

allegations not true.

Based on these findings, the trial court proceeded to a determination of guilt and found Appellant guilty of the offense of indecency with a child. The trial court then sentenced Appellant to four years of imprisonment.

**COMMUNITY SUPERVISION REVOCATION**

In his second issue, Appellant contends the trial court abused its discretion in revoking his deferred adjudication community supervision because the evidence is insufficient to support the State's allegations. In particular, he complains that the evidence is insufficient to support the allegation that he "failed to refrain from the ownership, possession otherwise use of a computer that is capable of being connected to the [i]nternet."

## Standard of Review and Applicable Law

In community supervision revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.–Eastland 2008, pet. ref'd); *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd).

As in the traditional legal sufficiency analysis, we view the evidence in the light most favorable to the trial court's decision to revoke. *Hart*, 264 S.W.3d at 367. Factual sufficiency review is not available for an appeal for revocation of community supervision. *See id.*; *see also Joseph v. State*, 3 S.W.3d 627, 642 (Tex. App.–Houston [14th Dist.] 1999, no pet.). Moreover, in a revocation proceeding, the trial judge functions like the jury because he or she is the sole trier of

the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); *Aguilar v. State*, 471 S.W.2d 58, 60 (Tex. Crim. App. 1971).

**Discussion**

The State alleged in its motion to proceed with an adjudication of guilt as follows:

> [Appellant] failed to refrain from the ownership, possession or otherwise use of a computer that is capable of being connected to the Internet in that on or about the 13[th] day of May, 2008, Holly Schneider provided a signed, voluntary statement to the fact that she witnessed Defendant, Michael Luera on a computer viewing on-line child pornography.

Holly Schneider testified that she was Catherine Sturgis's roommate. Sturgis is Appellant's girlfriend. Schneider testified that Appellant owned a computer and that, on several occasions, she observed Appellant use a computer while it was connected to the internet. Appellant argues that the record shows Schneider testified only that she saw Sturgis playing the games while Appellant watched. Thus, he argues there was no evidence that he used a computer that was capable of being connected to the internet. Contrary to Appellant's assertion, however, the record reflects that Schneider testified she saw Appellant using a computer while it was actively connected to the internet and that she observed him playing adult-oriented games online on several occasions.[2]

Next, Appellant contends that the animated game he played depicting sexual acts with children does not constitute "child pornography." *See generally* **Ashcroft v. Free Speech Coal.**, 535 U.S. 234, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002). Consequently, he argues, the allegation in the State's motion that Appellant viewed "child pornography" cannot be true and he therefore could not have violated the terms and conditions of his community supervision. But the technical rules of pleading indictments do not apply in this context. *See* **Ablon v. State**, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976). A motion to revoke community supervision is sufficient if the motion gives fair notice to an appellant of the violations alleged by the state. *See* **Labelle v. State**, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986). In this case, the State alleged in its motion that

---

[2] Additionally, although Appellant initially denied the presence of a computer in Catherine Sturgis's apartment, he later admitted that a computer was located there.

Appellant used a computer connected to the internet. The allegations also provided a specific date, notified Appellant of his accuser's identity, and identified a course of conduct while using the computer. With that information, Appellant could assert a defense and was not surprised or misled at the hearing on the motion. *See, e.g.,* **Pierce v. State**, 113 S.W.3d 431, 439-40 (Tex. App.–Texarkana 2003, pet. ref'd); **Montoya v. State**, 832 S.W.2d 138, 142 (Tex. App.–Fort Worth 1992, no pet.). Therefore, Appellant received fair notice of the alleged violation and a supporting factual basis.

The community supervision condition required Appellant to refrain altogether from ownership, possession, or use of a computer that was capable of being connected to the internet. Given the exact wording of the condition, as well as the lack of surprise or prejudice to Appellant, it is immaterial whether what was viewed on the computer met the definition of "child pornography." *Cf.* **Williams v. State**, 270 S.W.3d 140, 144 n.2 (Tex. Crim. App. 2008) (discussing the fatal variance rule and the now overruled surplusage doctrine in the more stringent indictment context). Schneider testified that she witnessed Appellant using a computer that was connected to the internet. Such conduct is a violation of his community supervision conditions.

Viewed in the light most favorable to the verdict, we hold that the State satisfied its burden to show by a preponderance of the evidence that Appellant used a computer that was connected to the internet. Appellant failed to show the trial court abused its discretion. Appellant's second issue is overruled. Because proof of one violation is sufficient to support the trial court's order, we need not address Appellant's first issue. *See* TEX. R. APP. P. 47.1; **Hart**, 264 S.W.3d at 367.

## DISPOSITION

We *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4