NO. 07-10-00472-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
13, 2011

 



 

JOHNNY JOE TONCHE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17269-0707; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Johnny
Joe Tonche appeals from the judgment revoking his
community supervision and sentencing him to fifteen months of confinement in a
state jail facility.  Appellant's
attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous
issues to appeal. Agreeing with appointed counsel's conclusion the record fails
to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

 

            In July 2007,
appellant was indicted for intentionally or knowingly possessing a controlled
substance, cocaine, in an amount of less than one gram.[1]  In October 2007, appellant plead guilty to
that offense and was placed on community supervision for a period of three
years.  Appellant’s supervision was
conditioned on his compliance with specified terms and conditions.  

            Thereafter, in
May 2010, the State filed a motion to revoke appellant’s community supervision,
alleging six violations.  The motion was
heard by the court in August 2010. 
Appellant plead “not true” to each of the State’s allegations.  The court heard evidence concerning each.

            A state trooper
testified that in November 2009, he made a traffic stop of a vehicle on
Interstate Highway 20 in Nolan County, Texas. 
The driver was identified as Johnny Tonche,
Sr.,[2]
and appellant was one of two passengers in the car.  After the driver consented to a search of the
car, the trooper searched it and found a suitcase containing 33.98 pounds of
marijuana.  He also found $23,000 in cash,
“packaged in amounts consistent with illegal proceeds from narcotics sales.”
The trooper arrested appellant along with the other two men in the car.  

            Appellant’s
community supervision officer testified in support of the motion to revoke,
testifying to appellant’s failure to report, leaving Hale County without
permission, and failing to pay required fees.

 

            Based on the
evidence presented before it, the trial court revoked appellant’s community
supervision and assessed appellant’s punishment at confinement in a state jail
facility for a period of fifteen months. 
The court certified appellant’s right of appeal, and he timely filed
notice of appeal.

Thereafter, appellant's appointed appellate
counsel filed a motion to withdraw and a brief in support pursuant to Anders in which he certifies
that he has diligently reviewed the record and, in his professional opinion,
under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds on which a non-frivolous appeal arguably
can be predicated. The brief discusses the procedural history of the case and
the proceedings in connection with the motion to revoke
appellant's community supervision.
Counsel discusses the applicable law and sets forth the reasons he believes
there are no arguably meritorious issues on which to appeal. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and
that counsel has advised appellant of his right to review the record and file a
pro se response. Johnson
v. State,
885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court
also notified appellant of his opportunity to submit a response to the Anders
brief and motion to withdraw filed by his counsel. Appellant has not filed a
response.

In conformity with the standards set out by the
United States Supreme Court, we will not rule on the motion to withdraw until
we have independently examined the record. Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no
pet.).
If this Court determines the appeal has merit, we will remand it to the trial
court for appointment of new counsel. Stafford
v. State,
813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel concludes the court did not abuse its
discretion in revoking appellant's community supervision.  We
agree. In community supervision revocation cases, the State has the
burden to establish by a preponderance of the evidence that the terms and conditions
of community
supervision have been violated. Rickels v. State, 202 S.W.3d 759, 764
(Tex. Crim. App. 2006); Cardona
v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Our review
of the trial court's order revoking community supervision is
limited to determining whether the trial court abused its discretion. Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds
several violations of community supervision conditions, we affirm the revocation
order if the proof of any single allegation is sufficient. See Hart
v. State,
264 S.W.3d 364, 367 (Tex. App.-Eastland 2008, pet. ref'd); Cochran
v. State,
78 S.W.3d 20, 28 (Tex. App.--Tyler 2002, no pet.).  We view the evidence in the light most favorable to the
trial court's decision to revoke. Hart, 264
S.W.3d at 367. Moreover, in a revocation proceeding, the trial judge
is the sole trier of the facts, the credibility of
the witnesses, and the weight to be given to witnesses' testimony. Diaz
v. State,
516 S.W.2d 154, 156 (Tex. Crim. App. 1974); Aguilar
v. State,
471 S.W.2d 58, 60 (Tex. Crim. App. 1971).

The trial judge was free to believe the testimony
of the trooper and appellant’s community supervision officer and find the
testimony proof of the alleged violations. 
We have reviewed the entire record and have found no arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

 

            Accordingly, we
grant counsel’s motion to withdraw[3]
and affirm the judgment of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish.

 











[1]
See Tex.
Health & Safety Code Ann. § 481.115(b) (West 2003).





[2]
Appellant sometimes is referred
to in the record as Johnny Joe Tonche, Jr. 





[3]  Counsel shall, within five days after the opinion is handed down, send
his client a copy of the opinion and judgment, along with notification of the
defendant’s right to file a pro se
petition for discretionary review.  Tex.
R. App. P. 48.4.