NO. 07-10-00472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 13, 2011

JOHNNY JOE TONCHE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17269-0707; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Johnny Joe Tonche appeals from the judgment revoking his community supervision and sentencing him to fifteen months of confinement in a state jail facility. Appellant's attorney has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In July 2007, appellant was indicted for intentionally or knowingly possessing a controlled substance, cocaine, in an amount of less than one gram.[1] In October 2007, appellant plead guilty to that offense and was placed on community supervision for a period of three years. Appellant's supervision was conditioned on his compliance with specified terms and conditions.

Thereafter, in May 2010, the State filed a motion to revoke appellant's community supervision, alleging six violations. The motion was heard by the court in August 2010. Appellant plead "not true" to each of the State's allegations. The court heard evidence concerning each.

A state trooper testified that in November 2009, he made a traffic stop of a vehicle on Interstate Highway 20 in Nolan County, Texas. The driver was identified as Johnny Tonche, Sr.,[2] and appellant was one of two passengers in the car. After the driver consented to a search of the car, the trooper searched it and found a suitcase containing 33.98 pounds of marijuana. He also found $23,000 in cash, "packaged in amounts consistent with illegal proceeds from narcotics sales." The trooper arrested appellant along with the other two men in the car.

Appellant's community supervision officer testified in support of the motion to revoke, testifying to appellant's failure to report, leaving Hale County without permission, and failing to pay required fees.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2003).

[2] Appellant sometimes is referred to in the record as Johnny Joe Tonche, Jr.

Based on the evidence presented before it, the trial court revoked appellant's community supervision and assessed appellant's punishment at confinement in a state jail facility for a period of fifteen months. The court certified appellant's right of appeal, and he timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke appellant's community supervision**.** Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel concludes the court did not abuse its discretion in revoking appellant's community supervision**.** We agree. In community supervision revocation cases, the State has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds several violations of community supervision conditions, we affirm the revocation order if the proof of any single allegation is sufficient. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.-Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.--Tyler 2002, no pet.). We view the evidence in the light most favorable to the trial court's decision to revoke. *Hart*, 264 S.W.3d at 367. Moreover, in a revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); *Aguilar v. State*, 471 S.W.2d 58, 60 (Tex. Crim. App. 1971).

The trial judge was free to believe the testimony of the trooper and appellant's community supervision officer and find the testimony proof of the alleged violations. We have reviewed the entire record and have found no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

4

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  Tex. R. App. P. 48.4.